# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ERVIN E.J. JOHNSON, ) | |
| ) | |
| Petitioner/Defendant, ) | |
| ) | |
| v. ) | Case Nos. 07-20096-CM |
| ) | 10-2696-CM |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent/Plaintiff. ) | |

## MEMORANDUM AND ORDER

The matter comes before the court on petitioner's Motion Under 28 U.S.C. § 2255 to Vacate Set Aside, Or Correct Sentence By A Person In Federal Custody (Doc. 95), Johnson's Affidavit In Support of Motion to Vacate Sentence (Doc. 97), and the Government's Response to Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence and Motion for Enforcement of Plea Agreement (Doc. 98). Petitioner argues that his appointed counsel provided ineffective assistance, rendering his plea unknowing and involuntary. The government moves to enforce the waiver in the plea agreement and deny petitioner's motion. For the reasons set forth below, this court denies petitioner's § 2255 motion, and grants the government's motion.

**I.    Factual and Procedural Background**

On December 18, 2006, after receiving complaints of narcotic activity in petitioner's apartment complex, Kansas City, Kansas police officers approached petitioner and another individual standing outside of one of the apartment buildings. Petitioner failed to cooperate with the police officer's requests to remove his hands from his pockets, and was subjected to a pat down by an officer for officer safety. While being patted down, the police officer believed he felt a gun located in

petitioner's coat pocket. Petitioner ran from the officer, leaving his coat behind and was never apprehended. Officers later searched the coat and found a fully loaded handgun and a plastic baggie containing "crack" cocaine in the pocket.

On February 12, 2007, a Kansas City, Kansas police officer conducted a traffic stop of a vehicle driven by petitioner for failure to stop at a stoplight. A female passenger was also located in the vehicle. The officer asked petitioner to exit the vehicle and placed him in handcuffs after noticing a round of ammunition on petitioner's lap and observing petitioner reach for his right hip area. The officer discovered a gun holster on petitioner's right hip, and further observed digital scales on the vehicle's console. Petitioner then informed the officer that he owned a legal weapon which was located in the console. After a search of petitioner and the vehicle, the officer discovered $395 in cash on petitioner, and a loaded weapon in the vehicle. Police officers questioned the passenger, who turned over a baggie containing "crack" cocaine. She informed the officers that petitioner gave her the baggie to hide during the stop. Petitioner, after being advised of his *Miranda* rights, admitted that he had given the "crack" cocaine to the passenger, that he often sold cocaine, and that the firearm was his for protection.

**The Charges**

On July 18, 2007, a grand jury indicted defendant on the following four counts:

(1) Knowing and intentional possession with intent to distribute five (5) or more grams of cocaine base, "crack," a controlled substance, in violation of 21, U.S.C. § 841(a)(1), as provided for in Title 21, U.S.C. § 841(b)(1)(B)(iii), pursuant to the December 18, 2006 incident.

(2) Knowing, intentional and unlawful use and carry a firearm during and in relation to a drug trafficking crime, in violation of 18, U.S.C. § 942(c)(1)(A), pursuant to the December 18, 2006

incident.

(3) Knowing and intentional possession with intent to distribute five (5) grams or more of cocaine base, "crack," a controlled substance, in violation of 21 U.S.C. § 841(a)(1), as provided for in 21 U.S.C. § 841(b)(1)(B)(iii), pursuant to the February 12, 2007 incident.

(4) Knowing, intentional and unlawful use and carry of a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 942(c)(1)(A) pursuant to the February 12, 2007 incident.

**The Pretrial Motion**

Counsel Kirk Redmond, who represented petitioner prior to entering a change of plea, filed a motion to suppress evidence seized from the December 2006 incident on petitioner's behalf. This court denied petitioner's motion and allowed Kirk Redmond to withdraw as counsel at the request of petitioner. The court then appointed Cheryl Pilate, who represented petitioner at his plea and sentencing hearings, and on appeal.

**The First Plea**

On June 8, 2009, petitioner entered a plea pursuant to Fed. R. Crim. P. 11(c)(1)(C) to Counts 2 and 4 of the Indictment, with an agreed upon sentence of sixty (60) months on Count 2, to run consecutive to a term of 120 months on Count 4. (Doc. 67.) The court informed the parties that the court would not accept the plea until the sentencing hearing after a Presentence Investigation Report ("PSR") had been issued, and set the matter for sentencing. (Doc. 91, at 3.)

Prior to the sentencing hearing, the court reviewed the PSR and the statutory mandatory minimum sentence for Count 2 of the Indictment, at least five (5) years; and for Count 4, at least twenty five (25) years, to be served consecutively to any other sentence imposed. At the sentencing

hearing on September 30, 2009, the court informed the defendant of the following:

> Upon review, the court does have some concerns about the legality of the recommended imprisonment sentence based on this court's review of the statutes and what the statutes require for mandatory minimum sentences regarding these offenses. Upon the court's review and its search of authority and also consideration of what other circuits through their case holdings have found, the court at this time would find that it's not able - - it does not believe it would be lawful for this court to go along with the recommended sentence that's part of your plea agreement.

*Id*. at 4.

The court then allowed petitioner to withdraw his plea of guilty as to Counts 2 and 4 of the Indictment, after conducting a thorough colloquy with petitioner that his plea withdrawal request was free and voluntary. *Id*. at 5–6.

### The Second Plea and Sentencing

On October 20, 2009, petitioner entered into a second Rule 11(c)(1)(C) plea to Counts 2 and 3 of the Indictment, with an agreed upon sentence of sixty (60) months on Count 2, to run consecutive to a term of 120 months on Count 3. After reviewing the PSR and statutory provision for the term of imprisonment as to Count 3, the court determined that the recommended sentence was lawful, with an advisory sentencing guideline range of 57 to 71 months, and accepted petitioner's plea. The court then sentenced petitioner pursuant to the parties' recommended sixty (60) months on Count 2 and 120 months to Count 3.

### Post-sentence

Petitioner withdrew his appeal and filed this timely § 2255 motion.

## II.  Legal Standard and Analysis

In *United States v. Hahn*, the Tenth Circuit established a three-pronged test for reviewing cases brought under 28 U.S.C. § 2255 after a petitioner has waived his right to collaterally attack

-4-

aspects of his case: "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice as [defined] herein." 359 F.3d 1315, 1325 (10th Cir. 2004) (citing *United States v. Andis*, 333 F.3d, 886, 890–92 (8th Cir. 2003)).

Petitioner brings the following eight claims of ineffective assistance of counsel: (1) trial counsel failed to challenge the legality of the vehicle search in Count 4; (2) trial counsel failed to challenge the legality of his arrest in Counts 3 and 4; (3) trial counsel failed to investigate and challenge the constructive possession of the drugs in Counts 3 and 4; (4) trial counsel failed to move to suppress evidence from Counts 1 and 2; (5) trial counsel failed to advise petitioner of the applicability of the sentencing guidelines; (6) trial counsel committed cumulative errors throughout the duration of petitioner's case; (7) appellate counsel failed to advise petitioner of his rights under *Anders v. State of California*, 386 U.S. 738 (1967); (8) trial counsel failed to advise petitioner of the upcoming changes to the crack cocaine sentencing guidelines and their effect on petitioner's plea under Rule 11(c)(1)(C). (Doc. 95.) The government moves to enforce the waiver provision of petitioner's plea agreement, arguing that the issues fall within the scope of the plea waiver, and that it would not be a miscarriage of justice to enforce the plea waiver. (Doc. 98.)

### A. The Scope and Validity of the Waiver

At the plea colloquy, petitioner asserted, under oath, that he was entering the plea knowingly, voluntarily and of his own free will; that no one had forced or threatened him to do so; that his counsel informed him of the charges and consequences of pleading guilty; and that he was satisfied with the advice and services of his attorney. (Doc. 92, at 21–22, 25–26.) He also stated that he had reviewed and understood the waiver of his right to appeal and collaterally attack his sentence and

conviction, and indicated that he wanted to proceed, knowing he was waiving or giving up these rights. (*Id*. at 19–20.) Further, petitioner signed the plea agreement, in open court, which sets out the following in paragraph 9, entitled "Waiver of Appeal and Collateral Attack":

> If the Court agrees to the proposed plea agreement, the defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, conviction and sentence (including the length of conditions of supervised release, as well as any sentence imposed upon a revocation of supervised release), except that the defendant in no way waives any subsequent claims with regards to ineffective assistance of counsel or prosecutorial misconduct. The defendant is aware that Title 18 U.S.C. § 3742 affords a defendant the right to appeal the conviction and sentence imposed. By entering into this agreement, the defendant knowingly waives any right to appeal if the court imposes the sentence requested by the parties. The defendant also waives any right to challenge a sentence or otherwise attempt to modify or change his sentence or manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, U.S.C. § 2255 [except as limited by *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001)], a motion brought under Title 18, U.S.C. § 3582(c)(2) and a motion brought under Fed. Rule of Civ. Pro 60(b). However, if the United States exercises its right to appeal the sentence imposed as authorized by Title 18, U.S.C. § 3742(b), the defendant is released from this waiver and may appeal the sentence received as authorized by Title 18, U.S.C. § 3742(a).

(Doc. 67, at 6–7.)

Relying on the record and the court's own independent recollection, *see United States v. Scully*, 798 F.2d 411, 412 (10th Cir. 1986) (providing that the district court may rely on its personal recollection, as long as it also reviews the record where available), the court finds that the factual circumstances surrounding the plea in this case serve as compelling evidence that the plea was voluntary. Because petitioner is "bound by his solemn declarations in open court," *Lasiter v. Thomas*, 89 F.3d 699, 703–04 (10th Cir. 1996), the evidence suggests that petitioner knowingly and voluntarily entered his plea.

**B.      Whether Enforcing the Waiver Would Result in a Miscarriage of Justice**

Enforcing a waiver results in miscarriage of justice only if (1) the court relied on an

-6-

impermissible factor such as race; (2) the defendant received ineffective assistance of counsel in conjunction with the negotiation of the waiver; (3) the sentence exceeds the statutory maximum; or (4) the waiver is otherwise unlawful in the sense that it suffers from error that seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Hahn*, 359 F.3d at 1327. Petitioner bears the burden of showing that one of these factors is met. *United States v. Anderson*, 374 F.3d 955, 959 (10th Cir. 2004) (citation omitted). Petitioner has not provided evidence, nor does he argue, that the court relied on an impermissible factor such as race in these proceedings, or that the plea waiver was unlawful. Further, petitioner's sentence did not exceed the statutory maximum. He focuses instead on the second factor, ineffective assistance of counsel.

Under 28 U.S.C. § 2255, a motion for ineffective assistance of counsel is considered waivable unless the implication of miscarriage of justice is in connection with the negotiation of the waiver. *Hahn*, 359 F.3d at 1327; *see Cockerham*, 237 F.3d at 1187. The court applies the standard identified in *Strickland v. Washington*, 466 U.S. 668 (1984), when determining whether a habeas petitioner's counsel provided ineffective assistance rendering petitioner's plea unknowing and involuntary. *See Romano v. Gibson*, 278 F.3d 1145, 1151 (10th Cir. 2002) (applying *Strickland*). Under *Strickland*, a petitioner bears the burden of demonstrating that (1) counsel's performance "fell below an objective standard of reasonableness," and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 688, 694. In order to demonstrate prejudice, "[a] reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* "[T]here is no reason for a court deciding an ineffective assistance claim to . . . address both components of the inquiry if the [petitioner] makes an insufficient showing on one. . . . If it is easier to dispose of an ineffectiveness claim on the ground of

-7-

lack of sufficient prejudice . . . that course should be followed." *Id.* at 697. The court affords considerable deference to an attorney's strategic decisions and "recognize[s] that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690.

1.  <u>Failure to advise petitioner of the applicability of the sentencing guidelines</u>

Petitioner claims that his counsel failed to advise him of how the sentencing guidelines applied to his Rule 11(c)(1)(C) plea. Petitioner argues that counsel misadvised him of the advisory sentencing guidelines, claiming that he would receive a sentence much higher than what was in the guideline range. Petitioner states that he "would not have plead [sic] to an agreed upon sentence that was an extreme upward departure from the guidelines range for count 3 of the indictment." (Doc. 95, at 14.)

Evidence in the record shows that petitioner's counsel informed him of the sentencing guidelines. The court itself gave petitioner a brief explanation of the guidelines during the plea hearing, and at that time asked petitioner if his attorney, Ms. Pilate, had discussed how the sentencing guidelines would apply to his case. (Doc. 92, at 14.) Petitioner indicated that she had. *Id*.

Additionally, as stated above, petitioner originally entered into a Rule 11(c)(1)(C) plea to Count 4, which carried a term of imprisonment of not less than twenty-five (25) years pursuant to the statute, relying on the court to impose an agreed upon sentence of 120 months. This court allowed petitioner to withdraw his plea because it could not lawfully sentence petitioner to a term of imprisonment below the statutory minimum. It is disingenuous for petitioner to now argue that he was misinformed about how the sentencing guidelines applied to his Rule 11(c)(1)(C) plea to Count 3 with an agreed upon sentence of a 120 month term of imprisonment, even though it was above the

statutory guideline range of 57 to 71 months. Under the unique circumstances of this case, petitioner received the benefit of his bargain, and therefore petitioner's arguments fail as to this claim.

2.      <u>Failure to advise petitioner of future changes to the sentencing guidelines regarding crack cocaine offenses</u>

Petitioner next claims that counsel failed to advise him of possible changes to the sentencing guidelines regarding crack cocaine offenses. This court has recently held, in *United States v. Brown* Nos. 08-20115-1-CM, 10-2485-CM, 2011 WL 294058, at *5 (D. Kan. Jan. 27, 2011), that the sentencing guidelines regarding crack cocaine offenses, amended after petitioner entered his plea and was sentenced by this court, are not retroactively applicable. Therefore, it was not unreasonable for counsel to not have advised petitioner that an amendment to the sentencing guidelines regarding crack cocaine offenses which had not been passed at the time he negotiated petitioner's plea may or may not have affected his case. Petitioner arguments fail as to this claim.

3.      <u>Failure to challenge the legality of the vehicle search, the legality of petitioner's arrest, and the constructive possession of the drugs</u>

Petitioner claims that trial counsel was ineffective for failing to challenge the February 12, 2007 vehicle stop regarding (1) the search of his vehicle, citing to *Arizona v. Gant*, 129 S. Ct. 1710 (2009) (finding the search of a vehicle is unreasonable and a violation of the Fourteenth Amendment, unless exception unless an exception exists where there is a genuine concern for officer safety, or an evidentiary concern regarding the contents of the vehicle discovered during a recent arrest); (2) the legality of his arrest where officers allegedly lacked probable cause; and (3) the constructive possession of the controlled substance officers discovered in the vehicle. It is undisputed that petitioner's trial counsel did not file a motion to suppress evidence collected or statements made at

the February 12, 2007 stop. However, "failure to file a suppression motion does not constitute per se ineffective assistance of counsel." *United States v. Knox*, Nos. 02-3385-SAC, 03-3080-SAC, 01-40017-01-SAC, 2005 WL 1259633, at *7 (D. Kan. May 27, 2005) (quoting *Kimmelman v. Morrison*, 477 U.S. 365, 384 (1986)). There is no requirement for counsel to "file a suppression motion in every case involving evidence or statements obtained after a search;" but counsel is required to use "professional discretion" when making the decision to file such a motion based on sufficient grounds. *Id*. (quotation omitted).

When considering an ineffective assistance of counsel claim for failure to raise a pretrial issue, the court looks at whether the omitted issue would have been meritorious. *Leech v. Hines*, 135 F. App'x 157, 160 (10th Cir. 2005) (citing *Hooks v. Ward*, 184 F.3d 1206, 1221 (10th Cir. 1999)) (citation omitted). To prevail on an ineffective assistance of counsel claim, petitioner must demonstrate that a motion to suppress evidence from the traffic stop would be meritorious. *Id*. at *8 (citing *United States v. Romero-Gallardo*, No. 03-4126, 2004 WL 2407129, at *2 n.1 (10th Cir. Oct. 28, 2004)). Petitioner must also "show that counsel's decision not to bring the motion was unreasonable under prevailing professional norms, rather than a reasonable tactical decision." *Id*. (citing *United States v. Chavez-Marquez,* 66 F.3d 259, 263 (10th Cir. 1995)).

### 1. Legality of Petitioner's Arrest[1]

Petitioner argues that the officer lacked probable cause to detain him because the officer placed him "in handcuffs and in the back of a police car, due solely to a single round of ammunition

---

[1] Petitioner claims that "[t]rial counsel was ineffective for failing to challenge the legality of the arrest." (Doc. 95, at 5). It is unclear from the record at what point petitioner was placed under arrest, however, petitioner's argument focuses on the decision by the officer to detain him after asking him to exit the vehicle.

-10-

the officer saw in the vehicle." (Doc. 95, at 5.) Petitioner's signed plea agreement set forth the factual basis for his plea in paragraph two. (Doc. 67, at 2–4, 9.) During the plea colloquy, petitioner admitted that he had gone over the factual basis in paragraph two with counsel, agreed that paragraph two set forth the government's evidence against him, and admitted to doing exactly what was set forth in the factual basis. (Doc. 92, at 24.) Evidence in the plea agreement demonstrates that an officer pulled petitioner over because petitioner ran a stoplight. While conducting the car stop, the officer approached petitioner's vehicle and observed petitioner "messing with something on his right hip" and "observed a round of ammunition laying on Johnson's lap." (Doc. 67, at 3.) After asking petitioner to exit the vehicle, for officer safety, the officer handcuffed petitioner.

"In *Maryland v. Wilson,* the Supreme Court ruled that an officer making a traffic stop may order a passenger out of the car pending completion of the stop, reasoning that safety concerns for the officer outweighed the personal liberty interests of the passenger." *United States v. Barnes*, No. 97-6290, 1998 WL 552427, at *3 (10th Cir. Aug. 28, 1998) (citing *Maryland v. Wilson*, 519 U.S. 408 (1997)). Counsel's decision not to challenge the legality of petitioner's arrest was reasonable. Petitioner's detention was lawful, and therefore, petitioner has failed to meet his burden under *Strickland* as to this claim.

### 2. Search of the Vehicle

Petitioner argues that trial counsel should have known the law as set forth under *Gant* and preserved it. However, the Supreme Court's decision in *Gant* was not made until after petitioner's 2007 vehicle stop. It is petitioner's burden to demonstrate that the stop was unlawful pursuant to court precedent prior to the *Gant* decision. *United States v. Soto*, 374 F. App'x 785, 787 (10th Cir. 2010) (citing *United States v. McCane,* 573 F.3d 1037, 1041-42 (10th Cir. 2009), *cert. denied,* 130 S.

Ct. 1686 (2010)). This circuit has applied the "good-faith exception to the exclusionary rule . . . where a vehicle was searched in violation of *Gant*" and "when an officer acts in reasonable reliance upon [our] settled caselaw that is later made unconstitutional by the Supreme Court." *Soto*, 374 F. App'x at 787 (citing *United States v. Davis*, 590 F.3d 847 (10th Cir. 2009)) (quotation marks omitted).

Despite petitioner's argument, the facts of this case are distinguishable from the facts of *Gant*. In *Gant*, defendant was placed under arrest for driving on a suspended license, after which officers searched the passenger compartment of his vehicle and discovered cocaine in his jacket pocket. 129 S. Ct. at 1719. The court in *Gant* found that there was "neither the possibility of access [by defendant] nor the likelihood of discovering offense-related evidence" that would have authorized the search in Gant's vehicle. *Id.* In this case, after detaining petitioner, the officer observed a "firearm holster on [petitioner's] right hip . . . and a small digital scale lying in the open console area . . . [which] appeared to have white residue on it."[2] (Doc. 67, at 3.) Petitioner also informed the officer of a "legal" weapon located in the center console of the vehicle. *Id.* Further, there was a passenger in petitioner's vehicle, so it was conceivable for the officer to believe that there was a "possibility of access" to the weapon by the passenger. *Id.* Although petitioner was handcuffed outside of the car, the totality of the circumstances made a search of the vehicle lawful incident to petitioner's arrest.

Petitioner has failed to meet his burden under *Strickland* as to this claim.

### 3. Constructive Possession of a Controlled Substance

---

[2] Petitioner submitted a signed Affidavit in Support of Motion to Vacate Sentence (Doc. 97, at 1) in which petitioner notes "there was no white residue" on the scale in petitioner's vehicle. However, petitioner signed the plea agreement which states that the officer noted "the scale appeared to have white residue on it." (Doc. 67, at 3.) Petitioner failed to contest the officer's observations of the digital scale at the time petitioner entered his plea.

-12-

Petitioner argues generally that trial counsel was ineffective for failing to challenge the constructive possession of the drugs discovered in his vehicle during the February 12, 2007 stop. He claims that his counsel was "aware that [petitioner] did not have actual possession of the controlled substance charged" and "that there were extenuating circumstances surrounding the constructive possession" of the substance which made it impossible to find the necessary intent to distribute. (Doc. 95, at 7.) Petitioner admits that he took responsibility for the drugs officers found on the passenger, who was the mother of his child. However, he argues that the police forced him into admitting that he sold the drugs in order to support his family, or he *and* the passenger would face charges. (Doc. 97, at 1–2.) Petitioner further notes that he could not have sold the drugs since they were not his to sell. *Id.*

"A person has constructive possession when he or she knowingly holds ownership, dominion, or control over the object and the premises where it is found." *United States v. Lott*, 310 F.3d 1231, 1247–48 (10th Cir. 2002) (quoting *United States v. Mills*, 29 F.3d 545, 549 (10th Cir. 1994)). Constructive possession may be proven using circumstantial evidence. *Id.* However, the government must demonstrate "a sufficient nexus between the accused and the drug" when establishing constructive possession. *United States v. Carter*, 130 F.3d 1432, 1440–41 (10th Cir. 1997) (citing *United States v. Ruiz-Castro,* 92 F.3d 1519, 1531 (10th Cir. 1996) (reversed on other grounds)). "Constructive possession may be established by circumstantial evidence and may be joint among several individuals." *Id.* The government does not establish a sufficient nexus by merely showing petitioner was in the car with the drugs. *United States v. Castorena-Jaime*, 285 F.3d 916, 933 (10th Cir. 2002) (citing *United States v. Jones*, 44 F.3d 860, 865 (10th Cir. 1995)). Rather, constructive possession is demonstrated when a defendant "[k]nowingly hold[s] the ability to control an object,

and the acts by which the ability is manifested and implemented." *United States v. Bowen*, 437 F.3d 1009, 1018 (10th Cir. 2006) (quoting *United States v. Medina-Ramos*, 834, F.2d 874, 876 (10th Cir. 1987)).

Despite petitioner's arguments to the contrary, evidence in the record demonstrates he did have constructive possession of the drugs in the car. The passenger told police that petitioner gave the drugs to her to hide so that petitioner would avoid going to jail. (Doc. 67, at 3.) The act of petitioner handing the drugs to the passenger, which were still within his reach, and then asking petitioner to conceal the drugs from the police, satisfies the act requirement for constructive possession. *See United States v. Cardenas*, 864 F.2d 1528 (10th Cir. 1989) (finding that the placement of the gun was within reach of defendant and the act of concealing the gun "behind the potato chip bag" satisfied the requisite act of exercising dominion and control over the firearm).

There is also evidence that after petitioner was advised of his *Miranda* rights, he admitted that the drugs were his; that he had only given them to the passenger to hide from police; and that he sold drugs regularly in order to care for his family. *Id*. Petitioner made no objections during the plea colloquy to the facts as set out in the factual basis of the plea agreement, but rather admitted that he did exactly what was set forth in the factual basis. (Doc. 92, at 24.)

Petitioner has failed to establish a meritorious claim that he did not constructively possess the drugs, and has further failed to establish that counsel's failure to challenge his possession of drugs discovered as a result of the vehicle search was unreasonable. Therefore, he has failed to establish trial counsel was ineffective under *Strickland* as to this claim.

4. <u>Failure to file a motion to suppress</u>

Petitioner argues that trial counsel was ineffective for failing to challenge the suppression of

-14-

evidence arising out of the December 18, 2006 police encounter outside of petitioner's apartment, and that counsel failed "to raise critical issues that made the seizure illegal, and the evidence resulting from an illegal search." (Doc. 95, at 8.) He claims his counsel failed to argue specifically that because he was standing in front of his own apartment, officers lacked reasonable suspicion to conduct a frisk under *Terry v. Ohio*, 392 U.S. 1 (1968), and his hands were in his pockets because it was cold outside. *Id.* Although petitioner signed a plea waiver, "a guilty plea does not waive a claim of ineffective assistance of counsel relating to the knowing and voluntary nature of the plea" and therefore, petitioner may argue a Sixth Amendment violation if counsel was ineffective in the handling of a motion to suppress. *See Romero-Gallardo*, 2004 WL 2407129, at *2 (citation omitted).

Petitioner's first trial counsel, Kirk Redmond, filed a motion to suppress evidence from the December 18, 2006 incident that took place outside of petitioner's apartment (Doc. 16), along with two supplemental documents to the motion (Docs. 28, 34). Petitioner challenged the validity of the investigative detention based on lack of reasonable suspicion. After a hearing, this court issued a Memorandum and Order denying petitioner's motion, finding that "[u]nder the totality of the circumstances, and with deference to the officers' training and ability to distinguish between innocent and suspicious circumstances . . . at the time Officer Erwin retained defendant's license, the officers had reasonable suspicion to detain defendant." (Doc. 35, at 8.) Petitioner's claim that his counsel was ineffective for failing to challenge the suppression of evidence from the search fails because trial counsel Kirk Redmond did in fact challenge the evidence seized from the incident at petitioner's apartment complex for substantially the same reasons petitioner argues in this § 2255 motion.

5.  Cumulative errors

Petitioner claims that his counsel was ineffective because he made cumulative errors during

-15-

the course of his case. He argues that "while any one error may not rise to the level of ineffective counsel, the cumulative effect of these errors has prejudiced me severely." (Doc. 95, at 14.) Petitioner does not cite to any legal authority regarding this statement, nor does he specify which cumulative errors he is referring to. A conclusory allegation that counsel was ineffective is insufficient to warrant habeas relief, even when a defendant proceeds *pro se*. *United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994). Regardless, the court has found no error, let alone multiple errors; petitioner's cumulative error argument fails.

6. <u>Failure to advise petitioner of his rights under *Anders v. State of California*, 386 U.S. 738 (1967)</u>

Petitioner also claims that his appellate counsel was ineffective for failing to raise issues on appeal, and for not advising him of his rights under *Anders*. When evaluating ineffective assistance of counsel claims against appellate counsel, the court also applies the *Strickland* standard. *United States v. Burch*, 160 F. Supp. 2d 1204, 1208 (D. Kan., 2001) (citing *United States v. Cook*, 45 F. 3d 388, 392 (10th Cir. 1995)). The court analyzes the merits of an omitted issue when petitioner alleges ineffective assistance of his appellate counsel, and further, if the court finds that "the omitted issue is without merit, counsel's failure to raise it 'does not constitute constitutionally ineffective assistance of counsel.'" *Id.* (quoting *United States v. Dixon,* 1 F.3d 1080, 1083 (10th Cir. 1993)).

Petitioner claims that his "appellant [sic] counsel falsely advised [him] that [he] could not appeal any issues." (Doc. 95, at 15.) He argues that he only signed the document to withdraw his plea because his attorney told him he had waived his right to appeal, and that he had no other option except to withdraw his appeal. (Doc. 97, at 2–3.) He states that had his counsel not misled him, he would have appealed the conviction arguing ineffective assistance of counsel. *Id*.

-16-

Although petitioner does specifically identify any issues he wanted to appeal, he mentions the fact that he wanted to appeal issues of ineffective assistance of counsel. The appropriate avenue for appealing ineffective assistance of counsel issues is in a § 2255 motion. *See United States v. Galloway*, 56 F.3d 1239, 1240 (10th Cir. 1995) (finding that "[i]neffective assistance of counsel claims should be brought in collateral proceedings, not on direct appeal" and that "such claims brought on direct appeal are presumptively dismissible, and virtually all will be dismissed") (citations omitted). Because this court is currently addressing petitioner's § 2255 motion, appellate counsel's advice regarding petitioner's inability to appeal issues of ineffective assistance of counsel was not unreasonable. Petitioner has not met his burden under *Strickland* as to this claim.

Petitioner has failed to demonstrate that either his trial counsel or his appellate counsel's actions were unreasonable regarding the claims addressed above. After reviewing the record in its entirety, and engaging in the required analysis, the court finds that petitioner's plea waiver was knowing and voluntary and that it would be not be a miscarriage of justice for this court to enforce the waiver provision of his plea agreement.

### III. Evidentiary Hearing

The record before the court conclusively shows that petitioner is not entitled to relief. Accordingly, no evidentiary hearing is required. *See United States v. Marr*, 856 F.2d 1471, 1472 (10th Cir. 1988) (holding that no hearing is required where factual matters raised by a § 2255 petition may be resolved on the record).

### IV. Certification of Appeal

The court will issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Under this standard, a

petitioner must show that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks and citation omitted). The court is not convinced that its conclusions are debatable among reasonable jurists or that the issues presented merit further proceedings. For the reasons stated above, the court finds that petitioner has not made a substantial showing of the denial of a constitutional right. The court declines to issue a certificate of appealability in accordance with Rule 11 as amended December 1, 2009.

**IT IS THEREFORE ORDERED** that petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody (Doc. 95) is denied.

**IT IS FURTHER ORDERED** that the government's Motion for Enforcement of the Waiver in the Plea Agreement (Doc. 98) is granted.

**IT IS THEREFORE ORDERED** that a Certificate of Appealability is denied as to petitioner's § 2255 motion.

Dated this 11th day of March, 2011, at Kansas City, Kansas.

> s/ Carlos Murguia
> CARLOS MURGUIA
> United States District Judge