**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | )   Case No. 07-20096-CM |
| | ) |
| **ERVIN E.J. JOHNSON,** | ) |
| | ) |
| **Defendant.** | ) |

## **MEMORANDUM AND ORDER**

Defendant Ervin E.J. Johnson entered into a plea agreement with the government pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), pleading guilty to using or carrying a firearm in furtherance of a drug trafficking crime and to possession with intent to distribute 5 grams or more of "crack" cocaine. The parties agreed that the controlling sentence in the case would be 180 months imprisonment. In the agreement, defendant waived the right "to challenge a sentence or otherwise attempt to modify or change his sentence . . . in any collateral attack, including . . . a motion brought under Title 18, U.S.C. § 3582(c)(2) . . . ." (Doc. 81 at 7.) On October 20, 2009, the court approved the plea agreement and sentenced defendant to 180 months imprisonment.

Currently before the court is defendant's pro se motion for appointment of counsel so that counsel can pursue a sentencing reduction pursuant to 18 U.S.C. § 3582 on defendant's behalf (doc. 102). He clearly states that he is only seeking appointment of counsel. Accordingly, the court limits its consideration to this issue.

A criminal defendant does not have a constitutional right to counsel in an 18 U.S.C. § 3582(c) proceeding. *United States v. Olden*, 296 F. App'x 671, 674 (10th Cir. 2008). Rather, it is in the court's discretion to appoint counsel. *Id.* Here, the court exercises its discretion and denies

-1-

appointment of counsel for the following reasons.  First, the Fair Sentencing Act of 2010 does not apply retroactively to defendants that were sentenced before its August 3, 2010 effective date.  *United States v. Lewis*, 625 F.3d 1224, 1228 (10th Cir. 2010).  Therefore, the Fair Sentencing Act affords defendant no relief.  Second, to the extent that defendant seeks relief under Amendment 750 to the Sentencing Guidelines, it appears that he waived this right in the plea agreement.  (*See* Doc. 81 at 7.)  Third, defendant's pleading—although brief—demonstrates that he is currently able to effectively articulate his claims.

**IT IS THEREFORE ORDERED** that defendant's Request For Appointment Of Counsel (doc. 102) is denied.

Dated this 9th day of January, 2013, at Kansas City, Kansas.

s/ Carlos Murguia  
**CARLOS MURGUIA**  
United States District Judge
