**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| UNITED STATES OF AMERICA, | ) |
|---|---|
| Plaintiff, | ) |
| v. | ) Case No. 07-20096-01-CM |
| ERVIN E.J. JOHNSON, | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

Defendant pleaded guilty pursuant to a Rule 11(c)(1)(C) plea agreement in October 2009 to possession with intent to distribute 5 grams or more of "crack" cocaine and to using or carrying a firearm during and in relation to a drug trafficking crime or possessing a firearm in furtherance of a drug trafficking crime. The court imposed the recommended sentence of 180 months' imprisonment.

This matter is before the court on defendant's pro se motion to modify or reduce his sentence under 18 U.S.C. § 3582(c)(2) (Doc. 104).[1] He contends Amendment 750 entitles him to a sentence reduction. The government opposes the motion and moves to enforce the § 3582(c)(2) waiver in the plea agreement (Doc. 106). For the following reasons, the court grants the government's motion and dismisses defendant's motion.

**Waiver**

The court first resolves the government's motion to enforce the § 3582(c)(2) waiver. Under *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) (en banc), this court must consider (1) whether the disputed matter falls within the scope of the waiver, (2) whether defendant knowingly and

---

[1] The court is mindful of defendant's pro se status and liberally construes his pleadings. *United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009). But the court may not serve as his advocate. *Id.*

-1-

voluntarily waived his rights, and (3) whether enforcing the waiver would result in a miscarriage of justice. *See id.* at 1325 (outlining three steps).

The first question is whether this matter falls within the scope of the waiver. Defendant's plea agreement states that he "knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, conviction and sentence . . . ." (Doc. 81 at 6.) It further states—in the same paragraph—that defendant "waives any right to challenge a sentence or otherwise attempt to modify or change his sentence . . . in any collateral attack, including . . . a motion brought under Title 18, U.S.C. § 3582(c)(2) . . . ." (*Id.* at 7.) Defendant filed a § 3582(c)(2) motion seeking to modify the sentence imposed by this court. Accordingly, this matter is within the scope of the waiver. *See United States v. Frierson*, 308 F. App'x 298, 300 (10th Cir. 2009) (concluding motion fell within scope of the waiver).

The second question is whether the waiver was knowing and voluntary. In considering this question, the court analyzes the language of the plea agreement and the Rule 11 colloquy. *Id.* The waiver provision cites § 3582(c)(2) and expressly states that defendant entered the waiver knowingly and voluntarily. (Doc. 81 at 6.) Just before the signature block, defendant acknowledges that he understands the plea agreement and that he has had sufficient time to discuss the agreement with his attorney. (*Id.* at 8–9.) In addition, defendant acknowledges in both his plea agreement and his petition to enter a guilty plea that he reviewed the terms of the plea agreement and that he was entering the plea of guilty freely and voluntarily. (*Id.*; Doc. 80 at 4–5.)

During the Rule 11 colloquy, the court confirmed that defendant was entering the plea of guilty voluntarily. The court asked the government to summarize the terms of the plea agreement, and defendant agreed that the government's summary of the agreement was consistent with his understanding of the agreement. This court then explicitly discussed the paragraph containing the

waiver and confirmed that defendant reviewed it with his attorney. Defendant does not identify any evidence contradicting his repeated assertions of a knowing and voluntary waiver. The court therefore concludes that defendant's waiver of his right to bring a § 3582(c)(2) motion was knowing and voluntary. *See Frierson*, 308 F. App'x at 301 (concluding waiver was knowing and voluntary under similar circumstances).

The third and final question is whether enforcing the waiver would result in a miscarriage of justice. This factor requires defendant to show that the court relied on an impermissible factor (e.g., race), that the waiver is rendered invalid by ineffective assistance of counsel in connection with the negotiation of the waiver, that the sentence exceeds the statutory maximum, or that the waiver is otherwise unlawful. *Hahn*, 359 F.3d at 1327 (citing *United States v. Elliott*, 264 F.3d 1171, 1173 (10th Cir. 2001)).

Defendant does not make this showing. And nothing in the record suggests that any of these events occurred in this case.[2] The court finds that this motion is within the scope of defendant's waiver, that the waiver of his right to file a § 3582(c)(2) motion was knowing and voluntary, and that it would not be a miscarriage of justice to enforce the waiver. The court grants the government's motion and dismisses defendant's motion.

**Remaining Issues**

Even if the waiver did not apply, defendant is not entitled to relief under § 3582(c)(2). In *Freeman v. United States*, 131 S. Ct. 2685 (2011), the Supreme Court considered whether a defendant sentenced pursuant to a Rule 11(c)(1)(C) plea agreement could be eligible for § 3582 relief. The four-

---

[2] Defendant previously filed a motion under 18 U.S.C. § 2255 arguing his counsel was constitutionally ineffective for failing to advise him of the changes to the sentencing guidelines and for failing to advise him of the applicability of the sentencing guidelines. The government moved to enforce the collateral attack waiver, and the court granted the government's motion. (Doc. 100.) In reaching that decision, the court discussed all of defendant's arguments and why they failed. (*Id.*) Notably, defendant did not argue his counsel was ineffective in negotiating or discussing the waiver provisions.

Justice plurality determined that because the sentencing judge is required to take the guidelines into account before accepting the agreed-upon Rule 11(c)(1)(C) plea, the judge's decision is ultimately based on the guidelines. *Id.* at 2692–93. They concluded a defendant could qualify for § 3582 relief when the sentencing guidelines are amended and made retroactive. *Id.* at 2695.

Justice Sotomayor's concurrence more narrowly defined whether a judge used the sentencing guidelines when sentencing the defendant. She concluded that if a Rule 11(c)(1)(C) agreement "expressly uses a Guidelines sentencing range applicable to the charged offense to establish the term of imprisonment, and that range is subsequently lowered . . ., the term of imprisonment is 'based on' the range employed and the defendant is eligible for sentence reduction under § 3582(c)(2)." *Id.*

Because "no single rationale explaining the result enjoys the assent of five Justices," the holding is the position taken by the Justices who concurred in the judgment on the narrowest grounds. *Marks v. United States*, 430 U.S. 188, 193 (1977). Justice Sotomayor's concurrence is the controlling decision because it "delineates the narrowest grounds on which at least five Justices agree . . . ." *United States v. Frazier*, No. 07-20018-JWL, 2012 WL 780973, at *2 (D. Kan. Mar. 7, 2012) (quoting *United States v. Rivera-Martinez*, No. 09-1766, 2011 WL 6358033, at *4 (1st Cir. Dec. 20, 2011) (internal citations and quotation marks omitted)).

Here, defendant's plea agreement clearly states that the parties did not use the guideline sentencing range to establish his term of imprisonment: "The parties are of the belief that the proposed sentence does not offend the now advisory sentencing guidelines, but because this proposed sentence is sought pursuant to [Rule 11(c)(1)(C)], the parties are not requesting imposition of an advisory guideline sentence." (Doc. 81 at 5.) The record from the change of plea and sentencing hearing also indicates the imposed sentence was based on the agreement and not the guidelines. (*See, e.g.*, Doc. 92 at 34–38 (discussing facts that support proposed sentence and reasons for imposing sentence).)

Applying Justice Sotomayor's concurrence, defendant is ineligible for § 3582 relief because his plea agreement did not expressly use the guideline sentencing range to establish the length of his sentence.

**IT IS THEREFORE ORDERED** that the government's motion to enforce waiver (Doc. 106) is granted.

**IT IS FURTHER ORDERED** that defendant's Motion For Reduction Of Sentence (Doc. 104) is dismissed.

Dated this 13th day of November, 2013, at Kansas City, Kansas.

> s/ Carlos Murguia
> **CARLOS MURGUIA**
> United States District Judge